TRABUE v. GUARANTY STATE BANK.
(No. 1387.)

(Court of Civil Appeals of Texas. Texarkana. Jan. 6, 1915. Rehearing Denied Jan. 21, 1915.)

1. BILLS AND NOTES ⊙⇒518—CONSIDERATION —EVIDENCE.

In an action on notes and to foreclose a chattel mortgage securing them, evidence *held* to sustain a finding that the notes were supported by a consideration.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1816–1820; Dec. Dig. ⊙⇒ 518.]

2. APPEAL AND ERROR ⊙⇒501—QUESTION REVIEWABLE — REFUSAL TO CONSOLIDATE ACTIONS—EXCEPTION.

An exception to refusal to consolidate actions, on the answer or motion of party complaining, must be preserved, or the ruling will not be reviewed on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2300–2305; Dec. Dig. ⊙⇒ 501.]

Appeal from District Court, Panola County; W. C. Burford, Judge.

Action by the Guaranty State Bank against R. C. Trabue. From a judgment for plaintiff, defendant appeals. Affirmed.

H. N. Nelson, of Carthage, for appellant. W. G. Banks, of Carthage, for appellee.

LEVY, J. Appellee sued appellant on two notes, and to foreclose a chattel mortgage on personalty given to secure same. Appellant pleaded as a defense failure of the consideration for which the notes sued upon were given. In a trial before the court without a jury judgment was given the plaintiff for the amount of the notes sued for, with foreclosure of the mortgage lien and sale of the property.

[1] Appellant by his first assignment of error insists that the evidence indisputably shows a failure of the consideration for which his notes were given. The evidence in the record here shows a conflicting state of facts in regard to the matter relied on to establish a failure of consideration. It seems that Neal and Harrison had purchased a sawmill, and had executed their notes in part payment of same and secured them with a mortgage on the mill. While this transaction was in the name of the bank, it was not actually a transaction for the bank, but for another person, and it was so understood by the parties. Subsequently Neal and Harrison, according to the evidence, came to the bank and offered to surrender the property and have their notes canceled. The evidence

on the part of appellant goes to show that the bank consented to rescind and cancel the original transaction. But the evidence on the part of the appellee goes to show that there was refusal by the bank to cancel the trade and surrender the notes. At the maturity of the notes of Neal and Harrison the bank made sale of the mortgaged property according to the terms of the mortgage, and bought it in. The purchase price at the sale was then credited on the notes. After sale and purchase the bank sold the appellant the property, and also the notes, less credits entered thereon. The notes were transferred without recourse. Appellant executed the notes and mortgage sued on for such property and the unpaid notes. In view of the conflict of evidence this court cannot sustain the assignment.

[2] The second assignment of error is to the effect that the instant suit should have been consolidated and tried with the suit of Harrison against this appellant and appellee. There does not appear in the record any evidence of such suit. And, in order to review this matter on appeal on the answer or motion of appellant in respect to consolidation or delay thereof for purpose of consolidation, an exception should appear, which does not here, showing that it was brought to the attention of the court and his ruling in regard thereto.

The judgment is affirmed.